IN RE Petition for DISCIPLINARY ACTION AGAINST Duane A. KENNEDY, a Minnesota Attorney, Registration No. 0055128.

A17-1448

Supreme Court of Minnesota.

Dated: December 1, 2017

ORDER

We suspended respondent Duane A. Kennedy from the practice of law for a minimum of 30 days, effective October 27, 2017. Respondent has filed an affidavit seeking reinstatement in which he states that he has fully complied with the terms of the suspension order, except for successful completion of the written examination required for admission to the practice of law by the State Board of Law Examiners on the subject of professional responsibility. The Director of the Office of Lawyers Professional Responsibility does not oppose the request.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Respondent Duane A. Kennedy is conditionally reinstated to the practice of law in the State of Minnesota, subject to his successful completion of the written examination required for admission to the practice of law by the State Board of Law Examiners on the subject of professional responsibility, and is placed on probation for 2 years, subject to the following conditions:

(a) Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with probation. Respondent shall promptly respond to the Director's correspondence by the due date. Respondent shall provide the Director with a current mailing address and shall immediately notify the Director of any change of address. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of probation;

(b) Respondent shall abide by the Minnesota Rules of Professional Conduct;

(c) Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director, to monitor compliance with the terms of probation. Respondent's current probation supervisor may continue to supervise respondent if the supervisor is willing to do so. If not, within 2 weeks from the date of this order, respondent shall provide the Director with the names of four attorneys who have agreed to be nominated as respondent's supervisor. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director shall seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, respondent shall on the first day of each month provide the Director with an inventory of client files as described in paragraph (d) below. Respondent shall make active client files available to the Director upon request;

(d) Respondent shall cooperate fully with the supervisor's efforts to monitor compliance with probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to the supervisor an inventory of all active client

files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as the Director may reasonably request; and

(e)   Respondent shall maintain trust-account books and records in compliance with Minn. R. Prof. Conduct 1.15 and Appendix 1 to the Minnesota Rules of Professional Conduct. These books and records shall include the following: client subsidiary ledgers; checkbook register; monthly trial balance reports; monthly reconciliation reports; bank statements; cancelled checks if they are provided with the bank statements; duplicate deposit slips; bank reports of interest, service charges, and interest payments to the Minnesota IOLTA Program; and bank wire, electronic, or telephone transfer confirmations. Such books and records shall be made available to the Director at such intervals as the Director deems necessary to determine compliance.

2.   By October 13, 2018, respondent shall comply with Rule 18(e)(3), Rules on Lawyers Professional Responsibility (RLPR), by filing with the Clerk of the Appellate Courts and serving upon the Director proof of respondent's successful completion of the written examination required for admission to the practice of law by the State Board of Law Examiners on the subject of professional responsibility. Failure to do so shall result in automatic re-suspension, pending proof of successful completion of the examination, under Rule 18(e)(3), RLPR.

BY THE COURT:

/s/ ——————————————

Lorie S. Gildea
Chief Justice